**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x

Michael Kennedy,

    Plaintiff,                                  Case No. 1:17-cv-06269

    -against-                                 COMPLAINT

DDB Health New York LLC                  Jury Trial Demanded
(formerly known as Agency Rx LLC),

    Defendant.
-----------------------------------------------------------x

    Plaintiff Michael Kennedy, by and through counsel, states as follows for his Complaint against Defendant DDB Health New York LLC, formerly known as Agency Rx LLC, on personal knowledge as to his own acts and observations and on information and belief as to all other matters.

## PARTIES

    1.    Plaintiff Michael Kennedy ("Kennedy") is a natural person formerly employed by Defendant DDB Health New York LLC ("DDB"). He resides in New York, New York, and is a citizen of New York.

    2.    Defendant DDB Health New York LLC ("DDB"), which was formerly known as Agency Rx LLC, is a Delaware limited liability company. DDB's citizenship is unknown, but DDB regularly and systematically conducts business in New York, and employed Kennedy in New York.

## JURISDICTION AND VENUE

    3.    This Court has subject matter under 28 U.S.C. § 1331 as this case raises a federal claim. This Court has supplemental jurisdiction over Kennedy's non-federal claim under 28

1

U.S.C. § 1367, because this claim is so related to his federal claim that it forms part of the same case or controversy under Article III of the United States Constitution.

4. This Court has personal jurisdiction over Defendant DDB because DDB employed Kennedy in New York, and the acts and events giving rise to this case occurred in New York.

5. Venue is proper under 28 U.S.C. § 1391, as the events or omissions giving rise to this case occurred in New York County, New York, which is within the Southern District of New York.

## FACTS

6. DDB Health New York LLC, which at the time was known as Agency Rx LLC, is a media company with operations in Manhattan.

7. DDB employed Michael Kennedy in its Manhattan office in 2014 and 2015.

8. DDB employed Kennedy to work on a team developing websites for customers.

9. DDB paid Kennedy on a salary basis.

10. Kennedy regularly worked in excess of forty hours per week, and the overtime was significant and non-negligible.

11. DDB did not pay Kennedy any overtime compensation for hours worked in excess of forty per week.

12. Without assuming the burden of proof as to any exemption, Kennedy was misclassified as exempt from overtime, despite the fact that he does not meet the criteria of any statutory exemption.

13. DDB is part of Omnicom Group, a sophisticated organization with knowledge of and experience in the application of labor regulations, including the Fair Labor Standards Act and the New York Labor Law.

14. On information and belief, DDB has specifically considered the classification of its employees and made a conscious decision to classify Kennedy's position as exempt, despite awareness of law to the contrary.

15. DDB is and was at all relevant times an employer engaged in commerce within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., as DDB is and has been engaged in interstate commerce and activities affecting interstate commerce in excess of $500,000 per year.

16. Further, Kennedy's position involved the use of interstate communications, including the Internet, such that he is individually covered by the FLSA.

17. Kennedy has given his consent to join this action under 29 U.S.C. § 216(b). His notice of consent to join is attached as Exhibit 1 to this Complaint and is incorporated as if set forth here.

## COUNT I
### (Fair Labor Standards Act, 29 U.S.C. § 216(b) – Unpaid Overtime Wages)

18. Kennedy repeats all foregoing and succeeding allegations of this Complaint as if fully set forth here.

19. DDB is an employer within the meaning of 29 U.S.C. §§ 203(c) and 206(a).

20. Kennedy was an employee within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

21. DDB suffered and/or permitted Kennedy to perform work to DDB's benefit in excess of 40 hours per week.

19. DDB failed to compensate Kennedy for all time worked in excess of forty hours per week at a rate of one and one-half times the regular rate at which Kennedy was employed.

20. DDB's actions were willful.

21. As a result of DDB's violations of the FLSA, Kennedy has suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial,

and is entitled to recovery of such amounts, as well as liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, costs, and other compensation, pursuant to 29 U.S.C. § 216(b). Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to the FLSA, 29 U.S.C. § 255(a).

### COUNT II
### (New York Labor Law § 663 – Unpaid Overtime Wages)

22. Kennedy repeats all foregoing and succeeding allegations of this Complaint as if fully set forth here.

23. The New York Labor Law provides for substantive overtime pay entitlement to a similar extent as the Fair Labor Standards Act. *See* N.Y. Labor L. §§ 2, 651, 663(1); N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

24. DDB is an employer within the meaning of the New York Labor Law.

25. Kennedy was an employee within the meaning of the New York Labor Law.

26. DDB suffered and/or permitted Kennedy to perform work to DDB's benefit in excess of 40 hours per week.

27. DDB failed to compensate Kennedy for all time worked in excess of forty hours per week at a rate of one and one-half times the regular rate at which Kennedy was employed.

28. DDB's actions were willful.

29. As a result of DDB's violations of the New York Labor Law, Kennedy has suffered damages by being denied overtime wages in accordance with the NYLL in amounts to be determined at trial, and is entitled to recovery of such amounts, as well as liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, costs, and other compensation, pursuant to NYLL §§ 2, 651, 663 and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

## **DEMAND FOR A JURY TRIAL**

Kennedy respectfully demands a jury trial on all issues so triable. *See* Fed. R. Civ. P. 38(b).

## **PRAYER FOR RELIEF**

Plaintiff Michael Kennedy respectfully prays that the Court enter judgment on his behalf, and grant all relief permitted by law, including an award to Kennedy of unpaid overtime wages, liquidated damages, pre-and post-judgment interest, and attorneys' fees and costs under the FLSA and New York Labor Law, and such other and/or further relief as the Court deems just and proper.

Dated: August 18, 2017             Respectfully submitted,
       New York, NY

                                      KEENAN & BHATIA, LLC

                                      By:__/s/ E.E. Keenan_____
                                      Edward (E.E.) Keenan
                                      222 Broadway, 19th Floor
                                      New York, NY  10038
                                      (917) 975-5278
                                      ee@keenanfirm.com

                                      ATTORNEY FOR PLAINTIFF